**BETTINA SCHEIN**
ATTORNEY AT LAW
565 FIFTH AVENUE, 7TH Floor
NEW YORK, NEW YORK 10017

(212) 880-9417

Alan S. Futerfas
Of Counsel

Bschein@BettinaScheinlaw.com

*[Signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

March 30, 2020

Honorable Lorna G. Schofield
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> The Government shall, by April 2, 2020, file a response to this letter that does not exceed four pages, single spaced. The letter shall state whether the Government's position on releasing Prisoner into home confinement has changed.
>
> SO ORDERED.
> Dated: March 31, 2020 New York, New York

Re: <u>USA v. Godel Sezanayev et al. 17 Cr. 262 (LGS)</u>

Dear Judge Schofield:

    This letter is respectfully submitted in reply to the government's March 25, 2020, letter opposing Godel Sezanayev's letter motion for immediate release and to provide updated facts to the Court. For the reasons which follow, this letter also respectfully requests that this Honorable Court reconsider its decision of March 25, 2020, in which Mr. Sezanayev's request was "denied with leave to renew the request after the exhaustion of administrative remedies or the Bureau of Prison's failure to timely respond."

    On March 26th, Attorney General William Barr directed the Bureau of Prisons to prioritize home confinement for eligible inmates in a Memorandum with the subject: "Prioritization of Home Confinement as Appropriate in Response to Covid -19 Pandemic." Here, the BOP has already made the determination that Mr. Sezanayev will be sent from FPC Fairton to a half-way house by June 10, 2020. Counsel was recently notified that the transfer to the half-way house will be on June 10, 2020, not May 14, 2020, as originally planned, due to the unavailability of a bed until June.

    Counsel submitted a request to the FCI Fairton Warden on Monday, March 23, 2020, that Mr. Sezanayev be immediately released to home confinement. In just the last week, it has become clear that the Covid -19 rates of infection and illness, now exceeding 100,000 in the United States, have exponentially increased the strain on hospitals, doctors and health care workers. Given Mr. Sezanayev's wife's responsibilities as set forth in

our letter motion of March 23, 2020, and for the reasons stated herein, counsel respectfully submits this request for the Court to reconsider releasing Mr. Sezanayev to home confinement immediately.

This Court has the discretion to waive the 30 day requirement or the exhaustion of administrative remedies pursuant to the First Step Act, because of the substantial risk of coronavirus infection. Second Circuit precedent supports waiver of the administrative exhaustion requirements where "legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies." *See Carmona v. US. Bur. Of Prisons*, 243 F. 3d 629, 634 (2d Cir. 2001) (federal prisoners must exhaust their administrative remedies except when it appears exhaustion would be futile.) District courts have "excused exhaustion if it appears that an administrative appeal would be futile, or because the appeals process is shown to be inadequate to prevent irreparable harm to the defendant." *United States v. Basciano*, 369 F. Supp. 2d 344, 348 (EDNY 2005).

The First Step Act is in accord with this established precedent in that the administrative exhaustion procedure or the 30 day requirement, and the circumstances which merit its waiver, remain unchanged. The same exhaustion procedure for routine administrative grievances applies to requests for compassionate release. *Charboneau v. Menifee*, 05 CIV 1900 (MBM) ftnt. 3 (SDNY 2005) (The Court excused Charboneau's failure to exhaust administrative appeals because of futility and the likelihood of irreparable injury, since before his appeals could be exhausted, he would be released from federal custody.)

Similarly, the likelihood of irreparable injury exists here. Waiting 30 days for the BOP to address Mr. Sezanayev's administrative request while he remains in the FPC at Fairton will compound his risk of exposure to Covid-19. If the instant motion is granted, it would substantially reduce Mr. Sezanayev's risk of Covid-19 infection and place him in home confinement. There, he would provide emotional and domestic support for his three school age children while his wife is on the front lines in the hospital caring for patients battling Covid-19.

Senators from both political parties sent a letter to the Justice Department asking the DOJ to use its power to release elderly, terminally ill and low risk non-violent inmates nearing the end of their sentence to home confinement because of their current concern for the health and well-being of the federal prison staff and the inmates. These same concerns prompted the March 26, 2020 Barr Memorandum.

On March 23, 2020, Governor Cuomo issued an emergency order mandating that hospitals increase their capacity by 50% in part because staff are contracting the virus and need to be replaced. Governor Cuomo has also issued a directive requesting that retired doctors and hospital health workers report to New York hospitals because of institutional stress and the high number of patients with Covid-19 arriving at emergency rooms. A respiratory care unit field hospital was set up yesterday in Central Park because New

York City hospitals are overwhelmed with Covid-19 patients. There are presently more than 60,000 confirmed cases in New York State.

Mr. Sezanayev's wife, Milena Elnatanova, has notified counsel that there is severe anxiety among her and the other health care workers on the front lines because the hospital in which she works still does not have a sufficient supply of masks or other protective gear. What protective equipment that is available is used by doctors and medical staff in the ICU who intubate critically ill Covid-19 patients. Other medical staff members, such as herself, must reuse masks and protective gear which are not soiled or go without. There are numerous media articles reporting these dire circumstances. Ms. Elnatanova is among the first responders for patients. She works even though she has an underlying pulmonary condition. She, and her community of medical workers, feel a duty to care for the patients. Ms. Elnatanova has a young woman who helps care for her children while she works. Ms. Elnatanova was recently notified that three of her colleagues have tested positive for the virus and are quarantined. She has been asked, as have all doctors and hospital workers, to be on call to work more shifts. The chances that Ms. Elnatanova will contract the virus are high.

The need for Ms. Elnatanova to be available to work more shifts, and the high likelihood of Covid-19 infection due to her work, are surely "extraordinary and compelling." If Ms. Elnatanova were to be infected, she would have to be quarantined and or hospitalized. While the government dismisses these circumstances as not compelling, it ignores the risk of infection for Ms. Elnatanova and the critical nature of Mr. Sezanayev's assistance at home at this time. Even with the help of the young woman, she needs her husband home to care for their three school age children to make sure they do their schoolwork and to be there in the high likelihood that Ms. Elnatanova needs to be quarantined. These circumstances render the 30 day response requirement or exhaustion of administrative remedies futile because the potential for irreparable harm is today. The prioritization of home confinement for Mr. Sezanayev to provide support for his wife and family is now, as the volume of confirmed Covid-19 patients in New York overwhelm the hospitals.

Importantly, the BOP is inundated with requests from inmates for early release to home confinement due to this pandemic. It is indeed futile to think that Mr. Sezanayev's request to the Warden will be reviewed any time in the next 30 days. The government's claim that Mr. Sezanayev's wife is not "incapacitated" misses the point. She is on the front lines treating patients without adequate protective gear and is exposed to the virus while she is working. In the event she is fortunate enough not to be infected, she needs support at home now, as she is on call to work multiple shifts. Mr. Sezanayev is in a federal prison camp with 120 inmates in close quarters in dorm like facilities, and the BOP has already determined that he is qualified to be transferred to a half-way house in 10 weeks.

These facts provide an extraordinary and compelling reason to find that the 30 day waiting period is "futile," and that the Court has the discretion to order that Mr. Sezanayev be placed in home confinement in response to the Covid -19 pandemic. Particularly here, since the BOP has already determined that Mr. Sezanayev will go to a halfway house, a court order directing the BOP to place him in home confinement ten weeks earlier, rather than in a halfway house, would be viewed favorably by the overburdened BOP. Both the BOP and the halfway houses are extremely concerned about keeping their staff and the inmates, coronavirus free. For these reasons, it is respectfully submitted that an order directing the BOP to place one inmate ten weeks earlier, in home confinement rather than a halfway house, is consistent with Attorney General Barr's Memorandum of March 26, 2020, which prioritizes home confinement as appropriate in response to the Covid-19 pandemic.

We thank the Court for its consideration.

Respectfully yours,

Bettina Schein

AUSA Andrew Thomas (via ECF)