| UNITED STATES DISTRICT COURT | USDC SDNY |
| SOUTHERN DISTRICT OF NEW YORK | DOCUMENT |
| ------------------------------------------------------------X | ELECTRONICALLY FILED |
| | DOC #:_____ |
| UNITED STATES OF AMERICA : | DATE FILED: 4/3/2020 |

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA             :
                                     :
              -against-              :    17 Crim. 262 (LGS)
                                     :
GODEL SEZANAYEV,                     :        ORDER
                         Defendant.  :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on December 11, 2018, the Court sentenced Defendant to 36 months in prison followed by three years of supervised release, a special condition of which included substance abuse treatment, all on his conviction for one count of conspiracy to commit wire fraud. Also, on December 11, 2018, the Court issued a Restitution Order, stating that Defendant shall pay restitution in the total amount of $970,112.65 to the victim of the offense, and a Forfeiture Order, stating that a money judgment in the amount of $460,000 shall be entered against Defendant.

WHEREAS, according to defense counsel, Defendant's release date is November 14, 2020, and he is scheduled to be transferred to a half-way house on June 10, 2020.

WHEREAS, in reaching this sentence, the Court considered the factors listed in 18 U.S.C. § 3553(a), ensuring that the sentence was sufficient but not greater than necessary to achieve their various purposes. These factors include the nature and circumstances of the offense, Defendant's personal history and characteristics, the seriousness of the offense, the promotion of the respect for the law and the provision of a just punishment, and the need to ensure that the sentence affords adequate deterrence.

WHEREAS, on March 23, 2020, defense counsel filed a motion to advance his release date to immediate release, and in the alternative to release him to home confinement for the remainder of his sentence, on account of his circumstances and the COVID-19 pandemic.  On the same date, Defendant submitted to the Warden at FCI Fairton, where he is currently housed, a request for immediate release to home confinement.

WHEREAS, on March 25, 2020, the Court denied Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582, because the Court lacked legal authority to order his release under § 3582 because Defendant had failed to exhaust administrative remedies.  On March 30, 2020, Defendant filed a motion for reconsideration.

WHEREAS, the Government responded on April 2, 2020, restating its position that Defendant's motion should be denied in part because the Court is not empowered to order his release until he has satisfied one of the three requirements for modification of a term of imprisonment, *i.e.,* that (1) the Bureau of Prisons ("BOP") has made a motion on defendant's behalf; (2) the defendant has exhausted administrative appeals from the BOP's refusal to bring such a motion; or (3) 30 days have lapsed since the defendant requested that the BOP bring such a motion.  *See* 18 U.S.C. § 3582(c)(1)(A).  ECF 603;

WHEREAS, as of the date of this Order, the BOP has not made a motion on Defendant's behalf, and the thirty-day lapse period concludes on April 22, 2020.  If the BOP refuses to bring such a motion, Defendant may appeal that decision to the regional director, and then the BOP general counsel.  *See* 28 C.F.R. § 542.15(a).

WHEREAS, the BOP in another case recently denied a request to file a motion for compassionate release on a defendant's behalf because, in the circumstances of that case, the BOP was "incapable" of evaluating the defendant because he was not housed in a BOP facility

but rather was housed at another facility in the custody of the United States Marshals. *See United States v. Daniel Hernandez*, 18 Cr. 834, Dkt No. 451 at 3 (S.D.N.Y. Apr. 2, 2020). The Court found, with the Government's consent, that the defendant had exhausted his administrative remedies within the BOP. *Id*.

WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus. As of April 2, 2020, there were 92,640 confirmed COVID-19 cases in the State of New York. *See Coronavirus in the U.S.: Latest Map and Case Count*, at https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last viewed April 2, 2020). Over 2,500 people have died in New York of the virus and over 6,000 have died nationwide. *Id*;

WHEREAS, the COVID-19 virus has put extraordinary pressure on New York hospitals. The Institute for Health Metrics and Evaluation at the University of Washington projects that New York will need 76,000 beds and almost 12,000 ICU beds, but notes that the State currently has just over 13,000 beds and 718 ICU beds. *See* https://covid19.healthdata.org/projections (last viewed April 1, 2020). One doctor has described the experience as a "medical war zone." *See Brooklyn Hospital a "war zone" in fight against coronavirus"* at https://nypost.com/2020/03/30/brooklyn-hospital-a-war-zone-in-fight-against-coronavirus/. The medical professionals on the front lines of this emergency are already working well beyond normal hours and in dangerous and unprecedented conditions. *See Nurses Die, Doctors Fall Sick and Panic Rises on Virus Front Lines*, at https://www.nytimes.com/2020/03/30/nyregion/ny-coronavirus-doctors-sick.html (herein *Panic Rises*);

WHEREAS, Defendant's wife, Milena Elnatanova, is a physician's assistant currently working more than double her normal shifts at the Long Island Jewish Hospital, where she is

caring for patients hospitalized with the COVID-19 virus. Defendant's motion states that he and Ms. Elnatanova have three children, ages 15, 8 and 7, for whom she alone cannot provide adequate care under these circumstances. It is hereby

**ORDERED** that the motion for reconsideration is DENIED. Defendant is incorrect that the Court has authority to waive the administrative exhaustion requirements stated in § 3582. *See e.g.*, *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004) ("[A]s a general rule, courts are required to strictly enforce statutory exhaustion requirements."); *United States v. Hernandez*, 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020). It is further

**ORDERED** that, by **April 7, 2020**, the Government shall file a letter stating whether the BOP has already determined not to file a motion for compassionate release on Defendant's behalf, and if so, the basis for the denial. On **April 8, 2020, at 10:30 a.m**., a telephonic conference will be held to discuss this matter. The time is approximate, but the parties shall be available to proceed at that time. The parties shall call **(888) 363-4749** and use Access Code **558-3333**. By **April 7, 2020**, defense counsel shall file a letter stating whether Defendant waives his appearance at the conference. Both parties in their respective letters shall state whether they consent to the conference being conducted telephonically.

To the extent that it may provide instructive guidance to the BOP in considering an application by Defendant for release on home confinement, the Court states the following: Subparagraph D of the U.S. Sentencing Commission's commentary on § 3582 expressly recognizes that "extraordinary and compelling reasons" for a sentence reduction can exist due to a combination of the reasons outlined in subparagraphs A through C. U.S.S.G. § 1B1.13, Application Note 1(D). Subparagraph C states that release is warranted when family outside of prison is unable to care for children. *See id*. § 1B1.13, Application Note 1(A), (C). As stated

above, Ms. Elnatanova is currently on the front lines of a virus that has already taken thousands of lives. Her work is highly dangerous, extraordinarily stressful, and all-consuming. There is no realistic scenario where she can complete this essential work while also caring for Defendant's and her three children. If I had known that these circumstances would arise eight months before Defendant's scheduled release, I would have sentenced him to home incarceration for at least the period that the pandemic requires Ms. Elnatanova to work in these arduous conditions and in the service of our collective community. Given the term of incarceration that Defendant has served and his remaining sentence of supervised release, a modified sentence would still ensure that the various purposes of the § 3553(a) factors are achieved, including deterrence, just punishment and promotion of respect for the law. Finally, there is no evidence that Defendant is, or has ever been, a danger to the safety of any person or to the community.[1]

Dated: April 3, 2020
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court rejects the Government's claim that Defendant in his plea agreement waived the right in these circumstances to seek a modification, as the waiver did not contemplate these exceptional circumstances. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992) (stating that an agreement can be revised or modified where the party seeking the modification "establish[es] that a significant change in circumstances warrants revision"); *Baez v. New York City Housing Authority*, No. 13 Civ. 8916, 2018 WL 6242224, at *3 (citing *Rufo* and noting also that "the court should consider whether the proposed modification is suitably tailored to the changed circumstance").